UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KEITH STEWART**                                                                       **CIVIL ACTION**

**VERSUS**                                                                                    **NO. 15-59**

**BURL CAIN, WARDEN**                                                            **SECTION: "K"(3)**

**REPORT AND RECOMMENDATION**

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED AS MOOT.**

Petitioner, Keith Stewart, is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  On January 28, 1982, he was convicted of second degree murder under Louisiana law.[1]  On February 5, 1982, he was sentenced to a term of life imprisonment without benefit of parole, probation, or suspension of sentence.[2]  On September 8, 1983, the Louisiana Supreme Court affirmed his conviction and sentence.[3]

After unsuccessfully seeking post-conviction relief in the state courts, petitioner filed a federal application for habeas corpus relief in 2006.  That application was dismissed as untimely

---

[1] State Rec., Vol. 5 of 8, transcript of January 28, 1982, p. 136.
[2] State Rec., Vol 5 of 8, transcript of February 5, 1982.
[3] State v. Stewart, 437 So.2d 872 (La. 1983).

on September 18, 2008,[4] and the United States Fifth Circuit Court of Appeals denied petitioner a certificate of appealability.[5]

However, on June 25, 2012, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" Miller v. Alabama, 132 S. Ct. 2455, 2460 (2012). While Miller does not forbid a juvenile offender from being sentenced to a term of life imprisonment without parole, it does forbid the mandatory imposition of that punishment without a prior individualized sentencing determination. See Montgomery v. Louisiana, 136 S. Ct. 718, 726 (2016) ("Miller required that sentencing courts consider a child's diminished culpability and heightened capacity for change before condemning him or her to die in prison. Although Miller did not foreclose a sentencer's ability to impose life without parole on a juvenile, the Court explained that a lifetime in prison is a disproportionate sentence for all but the rarest of children, those whose crimes reflect irreparable corruption." (citation and quotation marks omitted)).

Based on Miller, petitioner thereafter filed motion to correct an illegal sentence with the state district court. On March 28, 2013, the court granted that motion, vacated petitioner's original sentence, and resentenced him to a term of life imprisonment *with* the benefit of parole.[6] On appeal, the Louisiana Fifth Circuit Court of Appeal found that petitioner's new sentence was illegally lenient under Louisiana law, amended the sentence to a term of life imprisonment *without*

---

[4] Stewart v. Cain, No. 06-0213, 2008 WL 4372911 (E.D. La. Sept. 18, 2008).
[5] Stewart v. Cain, No. 08-31005 (5th Cir. June 15, 2009).
[6] State Rec., Vol. 7 of 8, transcript of March 28, 2013; State Rec., Vol. 1 of 8, minute entry dated March 28, 2013.

benefit of parole, probation, or suspension of sentence, and affirmed that sentence as amended,[7] and the Louisiana Supreme Court then denied his related writ application.[8]

After subsequent efforts to obtain post-conviction relief in the state courts proved unsuccessful, petitioner returned to the federal courts. Specifically, he moved the United States Fifth Circuit Court of Appeals for authorization to file a successive federal habeas corpus application. However, the Fifth Circuit held that, in light of the fact that petitioner had been *resentenced* after filing his first federal application, a new federal application would not in fact be considered successive; therefore, his motion for leave to file such an application was denied as unnecessary.[9]

Petitioner then proceeded to file the instant federal habeas corpus application in January of 2015,[10] as well as an amended petition in April of 2015.[11] In his federal application, petitioner argues that his sentence is unconstitutional under Miller.

The United States Supreme Court recently held that Miller is retroactive to cases on collateral review, abrogating the Louisiana Supreme Court's jurisprudence to the contrary. Montgomery v. Louisiana, 136 S. Ct. 718 (2016). It is also clear that petitioner is entitled to relief under Miller and Montgomery, in that he was sixteen years old when the crime at issue was committed,[12] and the state courts imposed as the sentence for that crime a *mandatory* term of life imprisonment *without* benefit of parole.

That said, the only relief to which petitioner would now be entitled in this Court is an order that he be resentenced by the state courts in conformity with Miller. Cf. Hills v. Cain, Civ. Action

---

[7] State v. Stewart, 134 So.3d 636 (La. App. 5th Cir. 2014); State Rec., Vol. 1 of 8.
[8] State v. Stewart, 149 So.3d 260 (La. 2014); State Rec., Vol. 7 of 8.
[9] *In re* Smith, No. 14-30189 (5th Cir. June 18, 2014); Rec. Doc. 5-1, pp. 3-4.
[10] Rec. Doc. 5.
[11] Rec. Doc. 15.
[12] State Rec., Vol. 7 of 8, transcript of March 20, 2013, p. 80; State Rec., Vol. 7 of 8, transcript of March 28, 2013, p. 12.

3

No. 11-0490, 2012 WL 3524759, at *3 (M.D. La. July 5, 2012) (making an analogous finding with respect to a sentence determined to be unconstitutional under Graham v. Florida, 560 U.S. 48 (2010)), adopted, 2012 WL 3524756 (M.D. La. Aug. 15, 2012).  However, such an order is unnecessary in this case.  The record reflects that the state district court recently granted a new motion to correct and vacate an illegal sentence filed by petitioner, holding that resentencing is required under Miller and Montgomery.  The state court appointed an attorney to represent petitioner for the purposes of resentencing and set a deadline of March 18, 2016, for the submission of briefs.[13]

Because the state courts have already granted petitioner the relief to which he is entitled, this federal proceeding is now moot.  *However, the undersigned takes care to note that if petitioner remains in custody after he is resentenced, he will at that point be in custody pursuant to a new state criminal judgment for federal habeas corpus purposes.  If he believes that his new sentence is unconstitutional, the dismissal of this instant petition is obviously without prejudice to his ability to seek federal relief with respect to that new sentence.  Once any new sentence is final, petitioner may bring a new federal application challenging that sentence, so long as he does so in a timely manner **after** exhausting his remedies in the state courts.*

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petitioner's application for habeas corpus relief be **DISMISSED AS MOOT.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

---

[13] Rec. Doc. 18.

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[14]

New Orleans, Louisiana, this seventeenth day of March, 2016.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[14] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.